```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
People of the State of New York,

                    Plaintiff,           MEMORANDUM & ORDER
                                         08-CV-4422 (JS)(MLO)
        -against-

Gerrod T. Smith,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Glenn D. Green, Esq.
                    Karla L. Lato, Esq.
                    Suffolk County District Attorney's Office
                    200 Center Drive
                    Riverhead, NY 11901

For Defendants:     Scott Michael Moore, Esq.
                    Moore International Law Offices
                    45 Rockefeller Plaza, Suite 2000
                    New York, NY 10111
```

SEYBERT, District Judge:

The State of New York ("Plaintiff") commenced this criminal action against Defendant Gerrod T. Smith ("Defendant") in the Town Court of Southampton ("the Town Court"), County of Suffolk, with the issuance of citations on October 6, 2008. The citations were returnable in the Town Court on November 3, 2008. Defendant timely removed the case on October 31, 2008 to this Court pursuant to 28 U.S.C. § 1443(1). Pending before the Court is Plaintiff's motion to remand this action to the Town Court of Southampton, County of Suffolk. For the reasons set forth herein, Plaintiff's motion to remand is GRANTED.

BACKGROUND

Defendant is a member of the Shinnecock Indian Nation

("Shinnecock") and resides on the Shinnecock Indian Nation Reservation ("Reservation") in Southampton, New York. (Notice of Removal [hereinafter "Notice"] ¶ 1.) On October 6, 2008, Police Officer Brian Farrish ("Farrish") of the New York State Department of Environmental Quality boarded Defendant's vessel, which was located at the entrance to Heady Creek in Shinnecock Bay. (Id.) Farrish searched the vessel and seized out-of-season and undersized fish that were in violation of New York state fishing regulations. See 6 N.Y. A.D.C. 40.1(b)(1)(i), (ii); (Notice ¶ 3.) Farrish issued Defendant three citations for illegal possession of eighteen out-of-season summer flounder, sixteen out-of-season porgy, and two undersized blackfish. (Notice ¶ 3.)

Defendant alleges that New York State illegally regulates the Shinnecock and therefore Defendant cannot litigate his civil rights in state court. Defendant also claims that Farrish, by force or threat of force, interfered with Defendant in violation of 18 U.S.C. § 245(b)(1)(B).[1] (Notice 5). Within this section, Defendant claims that his protected rights were violated because of (1) Sovereign Immunity; (2) The Fort Albany Treaty of 1664; (3) Wyandanch's Deed; (4) the Contract Clause; (5) the Indian Commerce Clause; (6) Congressional Indian Policy; (7) Federal Trust and; (8)

---

[1] The Court notes that Defendant cites to 18 U.S.C. § 245(a)(2)(b)(1)(B) in his Notice of Removal. However, this section does not exist; the Court assumes, based on the remainder of the Notice of Removal, that Defendant is referring to 18 U.S.C. § 245(b)(1)(B).

United Nations' International Convention on the Elimination of All Forms of Racial Discrimination ("CERD"). (Id. at 5a-h).

Plaintiff argues that the case should be remanded to state court because Defendant has not shown that his criminal action is removable under 28 U.S.C. § 1443(1). The Court agrees.

## DISCUSSION

I. <u>Removal of a Criminal Case</u>[2]

A defendant may remove a criminal action from the state court "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1446(c)(1). Upon removal of a criminal matter, the district court is required to "examine the notice promptly" and remand the criminal matter "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1446(c)(4). The Court has reviewed Defendant's notice of removal, as well as the various exhibits submitted, and finds that removal was not proper in this matter.

II. <u>Removal was Improper</u>

Defendant removed this case from the Town Court under 28

---

[2] Defendant claims that Plaintiff's motion to remand was untimely, relying on 28 U.S.C. § 1447(c). This section states "[a] motion to remand the case on the basis of any defect <u>other than lack of subject matter jurisdiction</u> must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (2006) (emphasis added). Here, the main issue is whether there is a lack of subject matter jurisdiction; therefore, Defendant's argument is unfounded.

3

U.S.C. § 1443(1).  Section 1443(1) provides for the removal of criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C § 1443(1) (2006).

"[A] removal petition under 28 U.S.C. § 1443 (1) must satisfy a two-pronged test.  First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  <u>Johnson v. Mississippi</u>, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (quoting <u>Georgia v. Rachel</u>, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966).  Next, "it must appear, in accordance with the provisions of § 1443 (1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'"  <u>Id.</u>  Defendant has not satisfied either of the two prongs required for removal under Section 1443.

Defendant first maintains that Plaintiff violated his rights under 18 U.S.C. § 245.  However, Defendant has not shown that this section applies to his case, and has not alleged sufficient facts to indicate that Defendant cannot enforce his rights under this statute in the state court.

Title 18 of the United States Code § 245 "is solely a

criminal statute permitting federal prosecution for interference with a long list of activities." People v. Horelick, 424 F.2d 697, 702 (2d Cir. 1970). Subdivision (b) states, "Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate, or interfere with" any person from participating in certain federally-protected activities is subject to criminal penalties. 18 U.S.C. § 245(b). This statute, "relied upon by [Defendant] . . . to show that he will be denied a right in the New York state court cannot be read to prevent state prosecution." Horelick, 424 F.2d at 703. Section 245(b) "is aimed only at intimidation 'by force or threat of force,' and that denotes violent activity, not the ordered functioning of state legal processes, whatever the motivation." Id. Defendant has not shown that Farrish utilized intimidation by force or threat of force to prevent Defendant from engaging in a federally-protected right. Rather, it appears that Farrish merely gave Defendant a summons to appear in court in accordance with state law. Thus, Section 245 is inapplicable here. See Johnson v. Mississippi, 421 U.S. 213, 227, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (""[I]t seems quite evident that a state prosecution, proceeding as it does in a court of law, cannot be characterized as an application of 'force or threat of force' within the meaning of § 245.").

Moreover, Defendant has not shown that he would be

5

precluded from proceeding in state court.  Removal is available under § 1443 "only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." Rachel, 384 U.S. at 800; see also Emigrant Savings Bank v. Elam Mgmt. Corp., 668 F.2d 671, 674 (2d Cir. 1982).  It is also insufficient for the removing party to have a mere apprehension that he will be denied or unable to enforce his rights in state court.  Emigrant Savings Bank, 668 F.2d at 673-74.

Defendant has not shown that he cannot litigate his rights in state court, and the Court has found no independent basis for finding that Defendant cannot argue the alleged deprivation of his federal rights in state court.  In fact, the Court of Appeals for the State of New York recently decided a case involving the off-reservation fishing rights of Native Americans, and whether those rights were reserved by treaty and federally protected.  See People v. Patterson, 5 N.Y.3d 91, 833 N.E.2d 223 (2005).  The defendant in Patterson made similar arguments as Defendant now does, albeit on behalf of a different Indian Nation.  There is no indication that Defendant cannot raise his arguments regarding whether the Shinnecocks enjoy federally-protected fishing rights in state court, as the defendant in Patterson did.  Thus, removal is inappropriate and the motion to remand is GRANTED.

CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand is GRANTED. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  July  31 , 2009
        Central Islip, New York